# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN CRAWFORD (#131966) | CIVIL ACTION |
| VERSUS | |
| DEPT. OF PUBLIC SAFETY & CORRECTIONS, ET AL. | NO. 13-0500-BAJ-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 14, 2014.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN CRAWFORD (#131966)                                CIVIL ACTION

VERSUS

DEPT. OF PUBLIC SAFETY                                 NO. 13-0500-BAJ-RLB
& CORRECTIONS, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment of defendants Steven Rader and Mike Eleman (Rec. Doc. 22). This Motion is opposed.

The *pro se* plaintiff, an inmate incarcerated at Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections, DCI Warden Steven Rader, DCI Dpty Warden Janet Lorina, and DCI Maintenance Director Mike Eleman, complaining that the defendants have violated his constitutional rights by subjecting him to unreasonable exposure to asbestos at that facility.[1]

---

1. An attempt by the United States Marshal's Office to serve defendant Janet Lorina has proven unsuccessful, specifically because this defendant is no longer employed by the State of Louisiana and, as a result, service of process has not been accepted on behalf of this defendant at the offices of the Louisiana Department of Public Safety and Corrections. *See* Rec. Doc. 11. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceeding. It is appropriate, therefore, that the plaintiff's claims asserted against Janet Lorina be dismissed, without prejudice, for failure of the plaintiff to timely effect service upon this defendant.
   In addition, the plaintiff named as a defendant herein the Louisiana Department of Public Safety and Corrections and, whereas this entity has likewise not been served with process, a dismissal of this party is appropriate in any event. Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from any lawsuit seeking monetary damages or equitable relief brought in federal courts by her own citizens or by the citizens of

The defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of an Offenders Relief Request Form dated January 17, 2013, rejecting the plaintiff's pertinent Request for Administrative Remedy, and the affidavit of Rhonda Z. Weldon.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary

---

other states. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under color of state law. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Accordingly, absent consent or waiver, not here present, the State of Louisiana is immune from suit in federal court. This shield of immunity also extends to the Louisiana Department of Public Safety and Corrections as an arm or agency of the State. *See, e.g., Anderson v. Phelps*, 655 F. Supp. 560, 563-64 (M.D. La. 1985). *See also Lova v. Texas Dept. of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989). Accordingly, this defendant is subject to dismissal as a matter of law.

judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, as amended, the plaintiff alleges that in August, 2012, he addressed correspondence to prison officials complaining that anticipated cutting of pipes in his DCI dormitory to install a new heating system would cause asbestos insulation to become airborne. In response to this correspondence, the plaintiff alleges that he was brought to a prison conference room where he participated in a telephone conversation with defendant Mike Eleman. According to the plaintiff, defendant Eleman advised that whereas there had once been asbestos located in parts of DCI, it had since been removed. Not accepting this assertion, the plaintiff alleges that he obtained some of the referenced pipe insulation and sent it "out to an attorney which was tested and come back as abestos." In addition, the plaintiff asserts that he submitted a request for administrative remedy to prison officials, but the request was rejected. The plaintiff further complains that he thereafter became sick with headaches and shortness of breath, and he seeks compensatory and punitive damages, together with injunctive relief, as a result of the defendants' alleged wrongful conduct.

In response to the plaintiff's Complaint, the defendants contend in the instant motion that

the plaintiff's claims are subject to dismissal for failure to exhaust administrative remedies. In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[2] This provision is mandatory and applies broadly to "all inmate suits about prison life". *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson*, *supra*, 385 F.3d at 516, *quoting Porter v. Nussle*, *supra*, 534 U.S. at 525. Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id.*

Upon a review of the plaintiff's pertinent administrative grievance, *i.e.,* the grievance that he filed relative to the claims asserted in this proceeding, the Court concludes that the defendants' motion is well-taken and should be granted. Specifically, it appears that the plaintiff's grievance was rejected by prison officials on January 17, 2013, without substantive review, as being in improper form. The rejection of the plaintiff's grievance stated as follows:

---

2. 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

REJECTED - MULTIPLE ISSUES - HOUSING CONDITIONS - SAFETY - COPIES ARE NOT ACCEPTED - ARP IS INCOMPLETE (ONLY PAGES 1 & 2 RECEIVED OUT OF 5) AND YOU STATED IN YOUR ARP AN ISSUE THAT HAVE NOT OCCURED [SIC] (A SERIOUS POSSIBLE DANGER TO YOUR HEALTH)

*See* Rec. Doc. 22-3 at p. 3.  Notwithstanding the foregoing notification, and instead of attempting to correct the noted procedural deficiencies, by (1) resubmitting an *original* grievance to prison officials (instead of a copy thereof), and (2) providing all five referenced pages of the grievance instead of only two, the plaintiff admits that he elected instead to attempt to proceed directly to the second step of the administrative process by sending his grievance to the office of the Secretary of the Louisiana Department of Public Safety and Corrections.  However, inasmuch as his original grievance had been "rejected" at the first step of the administrative process as being in improper form, it was never substantively reviewed or considered, and the plaintiff's action in proceeding to the second step deprived prison officials of an initial opportunity at the first step to address his claims or to respond thereto.  *See Hicks v. Parker*, 349 Fed. Appx. 869, 871 (5th Cir. 2009) (noting that "an inmate has exhausted administrative remedies when he follows *each step* of the prison grievance process" (emphasis added)); *Johnson v. Johnson, supra,* 385 F.3d at 515 (noting that "a prisoner must pursue a grievance through both steps for it to be considered exhausted"); *Thomas v. Wolfe*, 2013 WL 6175645, *2 (E.D. Tex. Nov. 25, 2013) (finding that an inmate who proceeded to a subsequent step in the administrative process without affording prison officials with an opportunity to address his claims at the initial steps had not exhausted administrative remedies); *Garrett v. Adams*, 2007 WL 838927, *17 n. 1 (E.D. Tex. Mar. 14, 2007) (finding that an inmate who presented a new claim at the second step of the administrative process that was not presented at the first step failed to give prison officials a fair opportunity at the first step to address that claim).  Accordingly, the Court finds that the plaintiff has failed to

properly exhaust his administrative remedies relative to the claims asserted in this proceeding, and his claims are subject to dismissal for this reason.

Notwithstanding the above, the Court points out that the conclusion reached in this case is limited to the facts presented herein. Specifically, the Court notes that had the plaintiff sought to correct the procedural deficiencies noted in his grievance, *i.e.*, by resubmitting an original grievance and by submitting an apparently complete grievance, not one which on its face reflected page "1 of 5" and page "2 of 5," respectively (without pages 3 through 5), and had prison officials *then* rejected the grievance because it addressed "an issue that have not yet occured," then the Court's decision might well be different. The plaintiff is correct in asserting in this context that he is not legally required to wait until an actual injury occurs in order to address, in a § 1983 action before this Court, a matter of serious impending danger to his health or well-being. *See Helling v. McKinney*, 509 U.S. 25, 33-34 (1993) (finding that an inmate stated a sufficient claim regarding "an unreasonable risk of serious damage to his future health" resulting from exposure to environmental tobacco smoke). Accordingly, had prison officials rejected a *procedurally proper* grievance merely because it addressed an issue that had not yet occurred, this Court may have concluded that such rejection had rendered the administrative process unavailable to the plaintiff relative to this issue and, thus, that administrative exhaustion was not required. *See* 42 U.S.C. § 1997e(a) (which only requires that a prisoner exhaust "such administrative remedies as are available"). However, the plaintiff chose instead to ignore the admonition by prison officials that his grievance was not in a procedurally correct form. Nor did the plaintiff seek assistance from a classification officer or counsel substitute as authorized by the published administrative remedy procedure applicable to Louisiana inmates. *See* 22 La. Admin. Code, Part I, § F((3)(A)(c). Further, the Court notes that the published administrative procedure

in fact provides a specific avenue for recourse for inmates facing an impending serious danger. Specifically, the Code provides that inmates who are concerned regarding "emergency conditions" or "a matter in which disposition within the regular time limits would subject the offender to a substantial risk of personal injury" may submit an "emergency grievance" to the shift supervisor at the prison, who shall then determine the appropriate corrective action to be taken." *See* 22 La. Admin. Code, Part I, §§ E and H(1)(a).

Finally, the Court notes, as an aside, that to the extent that the plaintiff may wish to re-assert this claim in a federal civil rights lawsuit before this Court (after he has taken appropriate action to exhaust available administrative remedies), the Court advises the plaintiff that conclusory allegations of exposure to unreasonable amounts of asbestos will likely be found to be legally frivolous or to fail to state a claim before this Court. *See Jeanpierre v. Custodian*, 2011 WL 837165 (E.D. La. Jan. 10, 2011) (dismissing, as frivolous, an inmate's conclusory claims of exposure to asbestos); *Jenkins v. Livingston*, 2010 WL 3853099 (E.D. Tex. Aug. 31, 2010) (same); *Parker v. Department of Correction*, 2009 WL 1402274 (W.D. La. May 18, 2009) (same). The plaintiff acknowledges in this case that he has been advised by prison officials that DCI is an asbestos-free institution, *see* Rec. Doc. 1-1 at p. 11, and "that all the asbestos was removed out of D.C.I.," *see* Rec. Doc. 25 at p. 2, and his pleadings thus appear to reflect little more than his personal belief that these assertions by DCI officials are incorrect or false. Whereas the plaintiff includes an allegation in his Complaint that he has "sent some of the abestos [sic] out to an attorney which was tested and came back as abestos," *see* Rec. Doc. 1 at p. 5, he has not provided any documentation to corroborate this assertion, and the Court has no way of evaluating the veracity thereof. Finally, the plaintiff's mere assertion that he has experienced headaches and shortness of breath, without more, does not appear to support a finding that he has

suffered harm or injury as a result of exposure to asbestos.  *See Jeanpierre v. Custodian*, *supra*; *Jenkins v. Livingston, supra.*

## RECOMMENDATION

It is recommended that the plaintiff's claims asserted against defendant Janet Lorina be dismissed, without prejudice, for failure of the plaintiff to serve this defendant within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure.  It is further recommended that the plaintiff's claims asserted against the Louisiana Department of Public Safety and Corrections be dismissed, with prejudice, as barred by the Eleventh Amendment to the United States Constitution.  It is further recommended that the Motion for Summary Judgment of the remaining defendants (Rec. Doc. 22) be granted, dismissing the plaintiff's claims, without prejudice, for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on July 14, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE**