UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN CRAWFORD (#131966)                         CIVIL ACTION

VERSUS

DEPT. OF PUBLIC SAFETY AND                      NO.: 13-00500-BAJ-RLB
CORRECTIONS, ET AL.

## RULING AND ORDER

On July 14, 2014, the United States Magistrate Judge issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), recommending that Plaintiff John Crawford's claims asserted against Defendant Janet Lorina be dismissed, without prejudice, for failure to serve this defendant within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure. The Magistrate Judge also recommended that Plaintiff's claims asserted against the Louisiana Department of Public Safety and Corrections be dismissed, with prejudice, as barred by the Eleventh Amendment to the United States Constitution. Finally, the Magistrate Judge recommended that the Motion for Summary Judgment filed by the remaining Defendants (Doc. 22) be granted, dismissing Plaintiff's claims, without prejudice, for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e, and that this action be dismissed. (Doc. 34.) Plaintiff asserts that the Defendants violated his constitutional rights by subjecting him to unreasonable asbestos exposure.

The Magistrate Judge's Report and Recommendation specifically notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 34, at 1.) A review of the record indicates that Plaintiff filed a timely objection to the Magistrate Judge's Report and Recommendation on July 21, 2014. (Doc. 35.)

Having carefully considered the Magistrate Judge's Report, the record, and the applicable law, the Court concludes that the Magistrate Judge's Report is correct, and hereby adopts its findings of fact, conclusions of law, and recommendation.[1]

---

[1] Plaintiff asserts several objections to the Report and Recommendation, including that he was unsuccessful in serving Defendant Janet Lorina because he is incarcerated; that he attempted to comply with the Administrative Remedy Procedure ("ARP") but was unfairly rejected; and that he did, in fact, send asbestos to an attorney to be tested. (Doc. 35.) Plaintiff also asserts that Defendant Mike Edelman admitted to the asbestos removal. (*Id.*)

The Court adopts the findings of fact and conclusions of law reached by the Magistrate Judge. To the extent that Plaintiff claims he was unable to properly serve a defendant because of his incarceration, such an argument lacks merit. All plaintiffs have an obligation to serve all defendants in conformity with the Federal Rules of Civil Procedure. A review of the record indicates that Defendant Lorina was not located because she has retired from the Department of Corrections at the time service was attempted. (Doc. 11, at 1.) As such, additional attempts to serve Defendant Lorina should have been initiated by Plaintiff within the time limitations of Rule 4. His failure to comply, therefore, required dismissal of the Defendant from this action.

Moreover, Plaintiff has failed to establish that the rejection of his ARP was in violation of any right. As the Magistrate Judge aptly concluded, Plaintiff's ARP grievance was rejected because it was in improper form. (Doc. 34, at 5.) Plaintiff also neglected to correct the deficiencies of his ARP and instead proceeded to the second step of the administrative process, without ever properly completing the first step. (*Id.*) Thus, it was proper to conclude that, because of Plaintiff's failure to adhere to prison policy concerning the ARP process, he had not fully exhausted his administrative remedies before filing suit.

Further, to the extent that Plaintiff asserts he sent a sample of material to an attorney for asbestos testing, this mere assertion, without more, also lacks merit. Plaintiff has not provided any evidence of documentation concerning the testing that would require the Court to take this assertion seriously. He has not provided any notes from the attorney, any lab results, or other documentation that would assist the Court in its determination. Regardless, Plaintiff has failed to address the precepts of law cited by the Magistrate Judge in the Report and Recommendation, and he has not cited any additional facts that would require reconsideration of the Court's decision.

Accordingly,

IT IS ORDERED that the **Magistrate Judge's Report (Doc. 34)** is **ADOPTED** as the Court's opinion herein.

IT IS FURTHER ORDERED that Plaintiff John Crawford's claims asserted against Defendant Janet Lorina are **DISMISSED, without prejudice**, for failure to serve this defendant within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that Plaintiff's claims asserted against the Louisiana Department of Public Safety and Corrections are **DISMISSED, with prejudice**, as barred by the Eleventh Amendment to the United States Constitution.

IT IS FURTHER ORDERED that Defendants Mike Eleman's and Steven Rader's **Motion for Summary Judgment (Doc. 22)** is **GRANTED**, and that Plaintiff's claims are **DISMISSED, without prejudice**, for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.

Baton Rouge, Louisiana, this 15th day of August, 2014.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA